UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FELICE SCALA,

                          Petitioner,

- against -

UNITED STATES of AMERICA,

                          Respondent.
----------------------------------------------------------X

09 cv 4687 (SJ)

**MEMORANDUM & ORDER**

APPEARANCES

BERNARD ALAN SEIDLER
580 Broadway
New York, NY 10012
212-334-3131
Email: snedens66@aol.com
*Attorney for Petitioner*

MICHAEL WARREN
United States Attorneys Office
Criminal Division
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820
718-254-6355
Fax: 718-254-6478
Email: michael.warren@usdoj.gov
*Attorney for Respondent*

1

JOHNSON, Senior District Judge:

Before the Court is a motion by Felice Scala ("Petitioner") to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the Court DENIES Petitioner's § 2255 motion.

## BACKGROUND[1]

Petitioner seeks to challenge a judgment, which followed a guilty plea, convicting Petitioner of: (1) conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5); and (2) conspiracy to possess a firearm in the furtherance of violence, in violation of 18 U.S.C. § 371. On April 7, 2006, Petitioner entered his guilty plea in this matter. On December 1, 2006, this Court sentenced Petitioner to a term of 120 months on the conspiracy to commit murder charge and 54 months on the conspiracy charge, to run consecutively for a total of 174 months of imprisonment, as well as three years of supervised release, restitution of $12,000 and a $200 special assessment. United States v. Scala, No. 01 CR 279 (03) (SJ), Docket Entry 87 (judgment) (E.D.N.Y. December 1, 2006). Petitioner withdrew his appeal on October 3, 2007. Id. at Docket Entry 94 (E.D.N.Y. October 17, 2007).

On October 28, 2009, Petitioner filed a § 2255 petition with this Court claiming that his sentences should not have run consecutively and that he

---
[1] The parties' familiarity with the facts of this case is assumed.

received ineffective assistance of counsel. On June 4, 2010, the Government filed its objection to Petitioner's motion. On June 11, 2010, during a status conference, Petitioner requested additional time to determine whether to respond to the Government's reply. Petitioner was given until July 2, 2010 to file a response. To date, nothing has been received by this Court.

## STANDARD OF REVIEW

Under § 2255, a sentencing court may "vacate, set aside or correct" a conviction or sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Relief is generally available only for a constitutional error, defect of jurisdiction, or an error of law constituting "a fundamental defect which inherently results in a complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995); see also Hardy v. United States, 878 F.2d 94, 97 (2d Cir. 1989).

"A § 2255 motion may not relitigate issues that were raised and considered on direct appeal." United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997). The exception to this rule allows reconsideration of the claim if there has been an intervening change in the law, and the new law would have exonerated a defendant had it been in force when the conviction was affirmed on direct appeal.

3

See Chin v. United States, 622 F.2d 1090, 1092 (2d Cir. 1980); see also Bruce v. United States, No. 04 CV 3453, 2006 WL 1704473, at *5 (E.D.N.Y. June 12, 2006).

Furthermore, courts will not entertain § 2255 claims that were not raised on direct appeal, unless a petitioner can show that there was "cause" for failing to raise the claims earlier and "prejudice" resulting therefrom, or that the petitioner is innocent of the charges. See Bousley v. United States, 523 U.S. 614, 622-23 (1998). A petitioner may raise claims not previously raised on direct appeal "'where the issues were not raised at all on direct appeal due to ineffective assistance of counsel.'" Underwood v. United States, 15 F.3d 16, 18 (2d Cir. 1993) (quoting Barton v. United States, 791 F.2d 265, 267 (2d Cir. 1986)). Moreover, a petitioner may raise for the first time on collateral review a claim for ineffective assistance of counsel that was not raised on direct appeal. See Massaro v. United States, 538 U.S. 500, 504 (2003) ("We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal.").

P-049

## DISCUSSION

### I. Petitioner Did not Receive Ineffective Assistance of Counsel

In Strickland v. Washington, the Supreme Court established a two-part test to determine whether an attorney's performance was ineffective. First, a defendant or petitioner "must show that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." 466 U.S. 668, 688 (1984). Second, the defendant or petitioner must show that counsel's performance prejudiced his defense. See id. at 687. To show prejudice, there must be a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. See id. at 694. A court considering a Strickland claim "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," keeping in mind that "[t]here are countless ways to provide effective assistance in any given case" and that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." Id. at 689.

"Ineffective assistance of counsel during plea negotiations can invalidate a guilty plea . . . to the extent that the counsel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plead guilty." United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005). To advance an ineffective assistance of counsel claim in the context of a plea, the defendant must

5

P-049

show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "To satisfy the second prong ... in the context of plea negotiations, the defendant must show that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." Id. (citation omitted). Here, Petitioner claims that he was never provided with discovery materials before pleading guilty, was never advised of the operation of the sentencing guidelines and their effect on his sentencing exposure, and was not informed of the effect the language of the statute he was convicted under would have on his sentence.

Petitioner has not pointed to the existence of any discovery materials or other evidence that would have affected his decision to plead guilty. Likewise, Petitioner, while claiming he was unaware of the effect of the sentencing guidelines or relevant statutes on his sentence, has not asserted that this knowledge would have change his decision to plead guilty. Furthermore, the minutes of the plea proceeding reflect that Petitioner was aware of the ramifications of his guilty plea and was satisfied with his lawyer's counsel. (Scala Plea Tr. 8-9, 11). In sum, Petitioner has not claimed unequivocally that absent trial counsel's alleged failings, he would have proceeded to trial. Because Petitioner cannot establish a reasonable probability that but for counsel's deficient performance, he would have made a

6

P-049

different decision regarding plea, Petitioner fails to establish that he suffered prejudice from the alleged deficient conduct of counsel. U.S. v. Doe, 537 F.3d 204, 213-14 (2d Cir. 2008) (Defendant failed to show that he was denied effective assistance of counsel in connection with his guilty plea where defendant never asserted unequivocally that, absent his trial counsel's alleged failings, he would have proceeded to trial). Accordingly, his ineffective assistance of counsel claim fails.

## II. Petitioner's Claims Are Procedurally Barred

Pursuant to Petitioner's plea agreement, he has waived his right to appeal or collaterally attack his sentence, if it was 120 months or less. (Scala's Plea Agmnt. ¶ 4). Although Petitioner claims that this Court never reviewed the waiver provision to determine whether he understood its ramifications, (Scala Aff. ¶ 11), the transcript of Petitioner's plea colloquy directly refutes this statement. This Court specifically inquired as to whether Petitioner was aware of and understood the effects of his waiver and Petitioner stated that he did. (Scala Plea Tr. at 11-12).

A petitioner may escape the confines of the appellate waiver by proving ineffective assistance of counsel prior to the entry of the plea. Campusano v. United States, 442 F.3d 770 (2d Cir. 2006). However, for the reasons stated

7

P-049

above, Petitioner can make no such showing here. Petitioner's claim is thus barred by the appellate waiver contained in his plea agreement.

### III. Even If Petitioner's Claims Were Not Barred, He Has Not Shown That The Sentences Should Have Run Concurrently

Petitioner initially pled guilty to a firearm possession charge, a violation of 18 U.S.C. § 924(c)(1). 18 U.S.C. § 924(c) provides graduated penalties for various types of firearm use. Section 924(c)(1)(A) provides:

> ***Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law***, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) ... uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime: (i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

However, because a five year mandatory consecutive sentence is mandated under this section, the Court could not impose the 54 month sentence provided for in the plea agreement. Petitioner's April 7, 2006 guilty plea, which was accepted by this Court, included a plea of guilty to a similar charge, conspiracy to possess a firearm, in violation of 18 U.S.C. § 371. Section 371 provides:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any

8

P-049

agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

Relying on United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), Petitioner argues that it was an error for his sentences to run concurrently. In Whitley, the Second Circuit held that the "except" clause of Section 924(c) "means what it literally says"- that the minimum sentences it requires do not apply where "'a greater minimum sentence is otherwise provided by ... any other provision of law.'" Id. In Windley, the defendant was convicted of three offenses all stemming from the same armed robbery; the court found that the consecutive minimum ten-year penalty under Section 924(c) did not apply because a higher fifteen-year minimum was imposed by the Armed Career Criminal Act, which Windley was also charged with violating. Id. at 151.

Here, Petitioner did not plead guilty under Section 924, he pled guilty under Section 371. The reasoning of Windley is inapposite to convictions under Section 371, which does not have the "except" clause included in Section 924. Petitioner has provided no other basis for his claim that his sentences should not have run consecutively. This claim must fail.

P-049

## **CONCLUSION**

After review of the filings and relevant portions of the record, which were sufficient to dispose of this motion, the Court hereby DENIES Petitioner's § 2255 motion and related requests. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: September 8, 2010
Brooklyn, New York

S/DLI

_____
Senior United States District Judge